■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ELSIE ZAPATA, Appellant.— Judgment of conviction affirmed. Defendant was convicted of assaulting a police officer. While the case presented factual issues, the overwhelming preponderance was on the side of the People. The testimony of defendant was not only incredible but attributed to both police officers conduct, in the presence of several bystanders, indicating a degree of sexual depravity. Such testimony is more revealing of the character of the witness than of the conduct it seeks to describe. Appellant relies on our determination in *People* v. *Dreares* (15 A D 2d 204). It was therein held that where an arrest is illegal (in that the officer has no warrant and the subsequent acquittal of the defendant on the charge for which he was arrested establishes conclusively that the crime was not committed) the use of reasonable force in resisting the arrest does not constitute an assault. That, however, is not this case, and it was so recognized by Special Sessions. According to defendant's own testimony, she did not know that he was a policeman or that he was seeking to arrest her. Consequently, she did not attack him in an effort to resist an illegal arrest. Counts in the

information that the assault was committed while resisting arrest were dismissed. It is further claimed that the assault was justified as representing an effort to eject an intruder in her apartment. The difficulty with this contention is that it is not the defendant's. Her testimony was that she left the apartment with the door open and discovered the officer there on her return. After an attempt to telephone the police, she fled the apartment, according to her, making no effort to eject him. In her testimony she did not seek to justify the assault but only to deny it. The issue of credibility was properly sustained against her. Concur — McNally, Eager and Steuer, JJ.; Rabin, J. P. and Bergan, J., dissent in the following memorandum by Bergan, J.: Since the defendant was in her home when the police officer came in, she had the right to use reasonable force to evict him. The officer neither had a warrant to enter defendant's home nor is there any factual basis in this record to sustain an arrest. The charge upon which defendant was being arrested and from which this accusation of assault on the officer stems was dismissed in Magistrates' Court. The defendant had a right to use such force as was necessasry to resist this invasion of her person and her home. (*People* v. *Cherry,* 307 N. Y. 308; cf. *People* v. *Dreares,* 15 A D 2d 204, affd. 11 N Y 2d 906.) If, as it is noted in the memorandum of the majority affirming the judgment, defendant did not know the person invading her home was a police officer, her right to resist the intruder by force would have rested on an incontestable legal principle. Accepting the People's proof on the subject in its most favorable aspect, although it is factually disputed, it is that " she swung at me with the phone, which I took away from her  *  *  *.  I caught it with my hand and pulled it away from her and she kicked me  *  *  * in the shins." It is thus apparent that a kick in the shins of a male policeman by a woman, and a phone swung at him but caught, are all that the People show in the way of excessive force in resisting, as the defendant had a right to do, an invasion of her person and home. If this is deemed " excessive " force, the constitutional protection of the private citizen in his home becomes chimerical. The judgment of conviction for assault should be reversed.